UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVARO UVIEL CASTRO,

      Petitioner,

v.

                                    Civil Case No.: 8:13-cv-54-T-24 TBM
                                    Criminal Case No.: 8:07-cr-455-T-24 TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **ORDER**

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 101). Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

## **I.  Background**

On January 17, 2008, Petitioner pled guilty to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii).  (CR Doc. No. 39, 51).  Petitioner was sentenced on April 25, 2008 to 121 months of imprisonment, and the judgment was entered against Petitioner the same day.  (CR Doc. No. 74, 79).  Petitioner did not appeal his conviction and sentence.

**II.  Section 2255 Motion**

On January 3, 2013, Petitioner placed the instant § 2255 motion in the prison mailing system for filing with this Court.  Petitioner argues in the motion that the indictment should be dismissed because the Court lacked jurisdiction to convict and sentence him, and that he is actually innocent of the crimes charged in light of the Eleventh Circuit's opinion in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012).  However, because his petition is untimely, it must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

    (1)     the date on which the judgment of conviction becomes final;

    (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

    (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner was sentenced and judgment was entered on April 25, 2008.  Petitioner did not appeal his conviction, and his conviction became final when the time for filing an appeal expired.  Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  At the time that his judgment was entered, the time for filing a direct appeal expired 10 business days after the written judgment of conviction was entered on the criminal docket.  Fed. R. App. P. 4(b).

2

Therefore, Petitioner's conviction became final on May 8, 2008.

Petitioner had one year from May 8, 2008 within which to file his § 2255 motion. Petitioner, however, did not submit the instant motion for filing until January 3, 2013.  As such, the motion is time-barred unless Petitioner can show that he was prevented from timely filing the petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Here, Petitioner argues that he is actually innocent of the crimes charged, citing United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012)(unpublished).  In that case, a panel of the Eleventh Circuit ruled, in an unpublished opinion, that the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama.  See id. at 1258.  The panel reasoned, "[b]ecause drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama."  Id.  However, Bellaizac-Hurtado is factually distinguishable from the instant case because it concerns Congress's ability to proscribe drug-trafficking activity in territorial waters, particularly the territorial waters of Panama.  Petitioner was arrested in *international* waters in the Eastern Pacific Ocean.  (CR Doc. No. 39, p. 12-13).  Thus, Bellaizac-Hurtado is factually distinguishable and does not establish that Petitioner was actually innocent of the crimes charged.

3

Accordingly, because Petitioner has not presented any argument to establish that he is actually innocent of the crimes charged, or that extraordinary circumstances prevented him from timely filing his petition, he has not met his burden of showing that his § 2255 motion was timely filed.  As a result, Petitioner's § 2255 motion is untimely and must be dismissed.

## III.  Conclusion

Accordingly, Petitioner's motion to vacate sentence is **DISMISSED** as untimely. The Clerk is directed to close the civil case.

**CERTIFICATE OF APPEALABILITY AND**
**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of January, 2013.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge